IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case No. CCB-17-0380 |
| § | |
| SHANNON STAFFORD § | |
| § | |

NOTICE OF EXPERT TESTIMONY AND CERTIFICATIONS PURSUANT TO
FEDERAL RULE OF EVIDENCE 902

The United States provides the following summary of persons who may testify as experts under Federal Rule of Evidence ("FRE") 702 in its case-in-chief, notice of technical fact witnesses the government may call in its case-in-chief, and notice, pursuant to Rule 902 of the Federal Rules of Evidence, of its intent to offer certified domestic records of regularly conducted activity and certified records generated by an electronic process or system. The government understand that new defense counsel is not pressing previously-filed motions by prior defense counsel and so no response is needed.

NOTICE OF EXPERT WITNESSES

1. **Senior Forensic Examiner (SFE) Zaba**

With respect to expert testimony, the United States may offer testimony from Jason Zaba, a Senior Forensic Examiner (SFE). SFE Zaba's resume, which has been previously provided to defense counsel, is attached again here as Exhibit 1. SFE Zaba has relied upon the analytical tools and forensic electronic evidence as described in his reports and summaries, which have previously been disclosed to defense counsel. The electronic evidence remains available to the defense team at the FBI Office, Baltimore, Maryland. The government provides below an updated summary of SFE Zaba's anticipated expert testimony.

Consistent with his reports, SFE Zaba may testify that he forensically copied and examined a Macbook Pro laptop with the Media Access Control (MAC) address of 80:e6:50:02:2f:e8 seized from Mr. Stafford's home pursuant to a search warrant on November 3, 2015. SFE Zaba may testify that he obtained verification "hash values" during the forensic copy process of the device and explain the significance of such "hash values." SFE Zaba may explain, to the degree relevant and helpful to the jury, how devices such as the one he examined communicate and send commands across networks using IP addresses, virtual private networks (VPNs), remote desktops, URLs, and remote hosts. And he may testify that the existence of certain logs and files lead him to conclude that the device examined engaged in communications at recorded dates and times relevant to the crimes charged.

SFE Zaba is expected to testify that he was directed to search on the device for artifacts containing certain terms and identifiers relating to the charged conduct, including, among other things, records relating to the IP address (10.2.8.14), moniker (scandal929), user login (Vanessa.Baker), and MAC address (80:e6:50:02:2f:e8) associated with the virtual private network (VPN) connection which connected to the computer (WASCMG-DW710852) that accessed and deleted the victim company's SAN volumes stored at WASCMG-P4500-01. SFE Zaba is expected to testify that artifacts encountered during his forensic examination led him to conclude that during the relevant dates and times of the charged conduct, the examined device, whose MAC address is 80:e6:50:02:2f:e8, connected to IP address 10.2.8.14 while in use by device user scandal929 and connected to a remote desktop session on WASCMG-DW710852 as virtual machine user "Staffords Admin." SFE Zaba is also expected to testify that Internet browser logs indicated that the device directed to http://10.192.12.25/ (title iLO3: WASCMGVMX02-ilo.na.corp.ipgnetwork.com), http://10.192.12.20/ (title Integrated Lights Out

2: WASCMG-P4500-01), and related URLs at the relevant dates and times.  In addition, he may testify that the device listed wasfpr08 and balmacsvr01 as recent hosts.

SFE Zaba may further explain how he concluded that the device user for scandal929 was likely Shannon Stafford, based on, among other things, the user's association with email address Shannon.stafford@na.corp.ipgnetwork.com. He also may testify that log-in credentials and passwords relevant to the charged conduct were found on the device. In particular, he may testify that text messages backed up to the device for "Scandal's iPhone," which is associated with Mr. Stafford's phone number, included a message received by Scandal's iPhone from a number identified as "Shayne Stafford" asking for the local administration password for fpr08. Scandal's iPhone responded that the password was F!r3f0x1. And he may testify that activity relating to usernames Vanessa.Baker and Chuck.Fitzgibbon was recorded on the device.

**2. Special Agent Kenneth Pondo**

The United States may also call Special Agent (SA) Kenneth Pondo, an FBI agent with expertise in computer crimes and investigations, to provide expert testimony, to the degree relevant and helpful to the jury, about general principles of how the Internet and computer networks work, including how devices such as those involved in the charged activity communicate and send commands across networks using IP addresses, virtual private networks (VPNs), remote desktops, URLs, and remote hosts. His CV is attached here as Exhibit 2, and his reports have been provided to the defense.

## NOTICE OF TECHNICAL FACT WITNESSES

The United States may in addition call a number of witnesses from the victim company who will testify as to their personal knowledge of relevant evidence in the case. While the subject of their testimony may be "specialized" or "technical" in the sense that it discusses the

computer networks of the victim company, the government believes that these witnesses are most appropriately qualified as fact witnesses at this time because their anticipated testimony will be based on the "particularized knowledge that the witness has by virtue of his or her position in the business" and "results from a process of reasoning familiar in everyday life." Fed. R. Evid. 701 Advisory Committee's Notes (2000). Similar testimony has been found to be appropriate for fact witnesses in this circuit and others. See *United States v. Graham*, 796 F.3d 332, 358 (4th Cir. 2015), *abrogated on other grounds by Carpenter v. United States*, 138 S. Ct. 2206 (2018) (finding no abuse of discretion in admission of lay testimony of a witness as to the operability of cell towers based on his experience as an employee of the cellular company); *Henderson v. Corelogic National Background Data*, LLC, No. 3:12CV97, 2016 WL 354751, at *3 (E.D. Va. Jan. 27, 2016) (finding a witness with specialized knowledge of computer programing testifying to records in a database was properly considered a lay witness). *See also United States v. Wilson*, 408 Fed. Appx. 798, 808 (5th Cir. 2010) (unpublished opinion) ("testimony about a computer may suggest technical expertise, but that does not necessarily mean such testimony requires satisfying the standard for expert testimony"); *United States v. Marsh*, 568 Fed. Appx. 15, 16-17 2d. Cir. 2014) (unpublished opinion) (finding testimony as to the contents of a phone retrieved using Cellebrite technology operated by the witness was not expert testimony).

      The government does not anticipate that these witnesses would testify to the underlying scientific or technical principles of these systems or require a technical understanding of the underlying technology. Rather, these witnesses would describe data in records generated by an electronic process or system for the business purposes of the victim company. In particular, one or more of these witnesses may testify to the relevant contents of VPN and storage area network

(SAN) access and activity logs maintained by the victim company, the records of IP addresses assigned to various victim company servers, and the victim company's network quality of service (NetQoS) monitoring reports. In addition, these witnesses would provide context for the data specific to the victim company, such as what role the VPN plays for the company, how an employee of the company would go about logging into the VPN, how the company identifies which employee is logged into the VPN, what data the victim company kept on the SAN volumes, the effect of the SAN volume deletions on the company, which server or device was assigned to a particular IP address at the relevant time, and what it means for an IP address to be assigned to a particular device. Though the government does not intend to qualify these witnesses as experts, in an abundance of caution, the government is noticing these fact witnesses now. Within this category, the government may call: Susan Hinch Huber, Alex Fruto, Mike Labinski, Mike Berka, Ray Ingarra, Drew King, Eric Tepastte, and Mike Riley. All reports authored by or involving these persons now in possession of the prosecution team have been provided to the defense.

### NOTICE OF INTENT TO OFFER 902 CERTIFICATIONS

The government provides notice of its intent to offer certifications for domestic records of regularly conducted activity, pursuant to FRE 902(11), and records generated by an electronic process or system, pursuant to FRE 902(13). Such records include VPN logs, computer log-on records, server and computer assignments, and Net Quality of Service (NetQoS) reports generated by the victim company's systems, as well as subscriber records obtained from Verizon. These records have been provided to counsel for the defendants through discovery. The government will provide the certificates to the defense in the coming weeks. In the event the

certificates are contested, the government intends to offer testimony from fact witnesses involved in obtaining or producing the records.

Finally, The government has tendered proposed stipulations to the defendant but, to date, has not received a response as to his amenability to said stipulations.

        Respectfully submitted,

        Robert K. Hur
        United States Attorney

By: _____/ss/_____
        P. Michael Cunningham
        Assistant United States Attorney
        36 S. Charles Street, 4th Fl.
        Baltimore, Maryland 21201

        S. Riane Harper
        Trial Attorney
        D.C. Bar Number 230233
        U.S. Department of Justice, Criminal Division
        Computer Crime and Intellectual Property Section
        1301 New York Avenue NW, Suite 600
        Washington, DC 20530