UNITED STATED DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA * | |
| * | |
| v.     * | Crim. No: CCB – 17 - 0380 |
| * | JUDGE: Hon. Catherine C. Blake |
| * | |
| SHANNON STAFFORD    * | |
| Defendant     * | |

*******************************************

## DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND/OR NEW TRIAL WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

COMES NOW, the Defendant, Mr. Shannon Stafford, through John O Iweanoge, II, and THE IWEANOGES' FIRM, P.C. and Russell Hairston, Esquire his attorneys, and pursuant to Federal Rules of Criminal Procedure Rules 29(c) and 33 respectfully requests this Honorable Court to enter judgment of acquittal for the Defendant and/or new trial with respect to the two counts the jury returned a guilty verdict.

## FACTS

Mr. Stafford is charged in a two-count indictment, specifically: one count of Intentional Damage to a Protected Computer (Count One), in violation of 18 U.S.C. § 1030(a)(5)(a) and (c)(4)(B) and one count of Attempted Intentional Damage to a Protected Computer (Count Two), in violation of 18 U.S.C. § 1030(a)(5)(a) and (c)(4)(B). The government alleges that in Count One that the offense conduct happened on August 8, 2015. In count two the government alleges that the offense occurred "between and including" August 8, 2015, and September 14, 2015.

The government's allegations against Mr. Stafford are that Mr. Stafford was

employed by Business A in its IT department from January 5, 2004 through August 6, 2015 and was terminated on August 6, 2015, and his login credentials for Business A's network was revoked the same day. As part of his job responsibilities, Mr. Stafford had access to the network credentials of other employees of Business A. On dates prior to Mr. Stafford's dismissal, Business A's network was accessed via virtual private network (VPN), using Mr. Stafford's network credentials from an **IP** address connected to Mr. Stafford's residence. After Mr. Stafford was terminated, over 40 attempts to log into the VPN were made from the IP address purportedly linked to Mr. Stafford's home. On August 6 and 8, 2015, Business A's network was accessed by a set of network credentials assigned to "V.B." During the August 8, 2015, network access, the person who logged in with V.B's credentials used remote access software to connect to a computer which could access a Storage Area Network (SAN) console. The SAN volume was then deleted, which caused a critical disruption to Business A's operations until the data could be restored from backups.

The evidence presented by the Government and the testimony of the Government witnesses did not identify Mr. Stafford as the individual that accessed Business A's network. The evidence was that the government did not check Defendant's laptop in its possession to determine if the Defendant's laptop was hacked and used as a conduit to access Business

A's network to delete the SAN.

## ARGUMENT
## THE EVIDENCE WAS INSUFFICIENT TO CONVICT DEFENDANT, ON COUNTS ONE AND TWO OF THE INDICTMENT

A trial judge confronted with a Rule 29 motion considers all of the evidence in light most favorable to the government and, in appraising its sufficiency, it is not necessary that trial court be convinced beyond reasonable doubt of guilt of defendant; question is whether there is substantial evidence upon which jury might justifiably find defendant guilty beyond reasonable doubt. White v United States,  279 F2d 740, (4th Cir. 1960)cert denied 364 US 850, 5 L Ed 2d 74, 81 S Ct 96 (1960).  Test for sufficiency of evidence under Rule 29 is whether upon evidence, giving full play to right of jury to determine credibility, weigh evidence, and draw justifiable inferences of fact, reasonable mind might fairly conclude guilt beyond reasonable doubt, coupled with requirement that the reviewing court view evidence in light most favorable to government. United States v. Carson, 455 F.3d 336, 368-69 (D.C. Cir. 2006). If the District Court concludes that either of two results, reasonable doubt or no reasonable doubt, is fairly possible, it must let the jury decide the matter. United States v Stirling,  571 F2d 708, (2nd Cir. 1978), cert denied  439 US 824, 58 L Ed 2d 116, 99 S Ct 93 (1978).

Additionally, pursuant to Fed. R. Crim. P. Rule 33, a trial court may grant a new trial to defendant if required in the interest of justice. Motions for a new trial may be based either on the ground that the verdict was against the weight of the evidence or that some error occurred at trial which substantially affected the

rights of the accused. <u>United States v. Simms</u>, 508 F. Supp. 1188, 1202 (W.D. La. 1980). The decision to grant or deny a new trial based on allegations that the verdict was against the weight of the evidence is within the sound discretion of the trial court. <u>United States v. Martinez</u>, 763 F.2d 1297, 1312 (11th Cir. 1985). Also, the court is allowed to weigh the evidence and consider the credibility of witnesses in assessing a defendant's motion for a new trial based on the weight of the evidence. <u>United States v. Kuznair</u>, 881 F.2d 466, 470-471 (7th Cir. 1989). Where a new trial motion is premised on allegations of error committed during the course of trial, the convicted defendant has the burden of showing that error was in fact committed and also that the error was prejudicial to him. <u>Simms</u>, 508 F. Supp. at 1203.

18 United States Code, § 1030(a)(5)(A) provides that "[Whoever] knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer shall be guilty of a crime". In order to prove that the Defendant violated the statute, the must present evidence demonstrating that the following beyond a reasonable doubt that: (1) that the defendant knowingly caused the unauthorized transmission of a program, information, code or command to a protected computer; (2) that the defendant caused the transmission of the program, information, code or command with the intent to damage or deny services to a computer or computer system; (3) that the

defendant thereby caused damage; and (4) that the defendant's actions resulted in losses to the victim company of at least $5000.

The government did not prove the first element because the evidence did not demonstrate that Mr. Stafford caused the transmission of a program or command to a protected computer. The only evidence presented by the government was that transmission of the program and/or command used Defendant home IP address. However, the Government's expert witness testified that it was possible for another person to hack into Defendant's computer and home network to transmit a command or program to Business A's network. The expert similarly testified that they did not check Defendant's laptop for intrusion and/or whether a third party gained access to his computer and caused the transmission. Defendant contends that the evidence is insufficient to show that he was the person that committed the offense in a household with at least four other users of the IP address.

Since the government was unsuccessful in identifying the perpetrator, it also fails in presenting evidence to satisfy the second and third elements of the offense. The government also failed to prove the fourth element of the offense because value was not provided with reliable evidence. The Court admitted the evidence of the value of the damage over Defendants objection to the hearsay evidence. The government did not present that the damage to Business A was caused by the transmission was at least $5,000.00.

There was insufficient evidence presented to demonstrate that Defendant was the perpetrator of the unauthorized transmission to a protected computer.

The evidence was also insufficient as to count two because there was no evidence that the unsuccessful intrusions were done by Mr. Stafford and on the preceding argument.

## **CONCLUSION**

WHEREFORE, the defendant through counsel requests this Honorable Court based on the foregoing to enter judgment of acquittal and/or a new trial.

                                        Respectfully submitted,
                                        **THE IWEANOGES' FIRM P.C.**

Date: 29th day of November 2019

                                        By: */s/JohnOIweanoge/s/*
                                              John O. Iweanoge, II
                                             Iweanoge Law Center
                                             1026 Monroe Street, Northeast
                                             Washington, DC 20017-1760
                                             Phone: (202) 347 – 7026
                                             Fax: (202) 347 – 7108
                                             Email: joi@iweanogesfirm.com

                                         */s/*
Russell J. Hairston, Esquire
601 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 2004
Phone:     (202) 652 – 2300
Email: RussellJhairston@yahoo.com

## CERTIFICATE OF FILING AND SERVICE

I CERTIFY that that a true and correct copy of the foregoing was electronically filed this 29th day of November 2019 and all parties would be served by the Court's e-serve system.

                                                           /s/JohnOIweanogeII/s/
                                                            John O. Iweanoge, II

# UNITED STATED DISTRICT COURT FOR THE
# DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **Crim. No: CCB – 17 - 0380** |
| | * | **JUDGE: Hon. Catherine C. Blake** |
| | * | |
| **SHANNON STAFFORD** | * | |
| **Defendant** | * | |

*****************************************

## ORDER

UPON CONSIDERATION of the Defendant's Motion for Judgment of Acquittal and/or for New trial and the government's opposition filed thereto, it is this ____day of _____2019, by the U.S. District Court for the District of Maryland,

ORDERED that for good cause shown, Defendant's motion is **GRANTED**, and it is,

FURTHER ORDERED_____

SO ORDERED

Dated: ___day of _____2019              _____
                                             Hon. Catherine C. Blake
                                             U.S. District Judge