IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | Criminal No: 1:17-CR-00380-CCB-1 |
| | ) | Sentencing: 03/20/20 |
| **SHANNON L. STAFFORD** | ) | Judge: Catherine C. Blake |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT SHANNON L. STAFFORD'S MEMORANDUM OF LAW
IN AID OF SENTENCING WITH OBJECTIONS TO THE
PRESENTENCE INVESTIGATION REPORT (PSR)**

**COMES NOW,** Defendant, **SHANNON L. STAFFORD,** by and through his attorneys, and submits this position of the defendant with respect to sentencing factors, pursuant to section 6A1.2 of the United States Sentencing Guidelines and objections to the PSR pursuant to Fed. R. Crim. Proc. 32(i)(3)(B). Mr. Stafford's sentencing memorandum is also incorporated herein.

**DEFENDANT'S CORRECTIONS/OBJECTIONS TO PSR**

The defendant has legal corrections and/or objections to the Presentence Investigation Report (hereinafter referred to as "PSR").

First, Mr. Stafford objects to page 6, paragraph 17 of the PSR as to the restitution in this case.

Second, Mr. Stafford objects to page 7, paragraph 26, because he did not abuse any position of trust.

Third, Mr. Stafford objects to page 13, paragraph 64, as the action in this case maybe grounds for departure based on aberrant behavior pursuant to USSG 5K2.20.

Finally, Mr. Stafford still maintains his objection to the loss amount in this case.

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

*"[S]urely, if ever a man is to receive credit for the good he has done, and his immediate misconduct assessed in the context of his overall life hitherto, it should be at the moment of his*

*sentencing, when his very future hangs in the balance.*"[1] Mr. Stafford respectfully submits this memorandum requesting that the Court consider his entire life and all that he has done in contemplating a sentence "sufficient but not greater than necessary" to satisfy all of the statutory purposes of sentencing.

### THE COURT MUST IMPOSE A SENTENCE "SUFFICIENT BUT NOT GREATER THAN NECESSARY" TO COMPLY WITH THE PURPOSES OF 18 U.S.C. § 3553

As the Court is well aware, the guidelines are now advisory only, that is, one among a **number of factors to be weighed by the sentencing court.** *United States v. Booker,* 543 U.S. 220 (2005); *United States v. Price,* 409 F.3d 436, 443 (D.C. Cir. 2005) (noting that *Booker* excised mandatory Guidelines provision of 18 U.S.C. § 3553(b) but that § 3553(a)'s specification of factors that guide federal sentencing, including application of Guidelines, remains in effect). As the *Price* Court stated, "[t]hese factors include, among others, the nature of the offense, the defendant's history, the need for the sentence to promote adequate deterrence and to provide the defendant with needed educational or vocational training, any pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted disparities among similarly situated defendants, and the need to provide restitution to any victims." *Id.* at 442 (citing § 3553(a)).

The most important consideration for the District Court in sentencing Mr. Stafford must be the directive of Congress to "impose a sentence sufficient but not greater than necessary, to comply with [the purposes of sentencing]". 18 U.S.C. § 3553(a). *See e.g., United States* v. *Minisro-Tapia* 470 F.3d 137, 142 (2d Cir. 2006); *United States* v. *Yopp,* 453 F.3d 770, 774 (6th Cir. 2006); *United States v. Rodriguez-Rodriguez,* 441 F.3d 767, 770 (9th Cir. 2006); *United States v. Ranum,* 353 F. Supp.2d 984, 986 (E.D.Wis. 2005). While the standard on appeal is whether the sentence is reasonable, that is <u>not</u> the standard for the District Court. *United States* v. *Collington,* 461 F.3d 805,

---

[1] *United States v. Adelson,* 441 F. Supp.2d 506 (S.D.N.Y. 2006) ("This elementary principle of weighing the good with the bad, which is basic to all the great religions, moral philosophies, and systems of justice, was plainly part of what Congress had in mind when it directed courts to consider, as a necessary sentencing factor, 'the history and characteristics of the defendant'.")

807 (6th Cir. 2006) ("a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2). Reasonableness is the *appellate* standard of review in judging whether a district court has accomplished its task."); *United States* v. *Foreman,* 436 F.3d 638, 644 n.1 (6th Cir. 2006) ("a district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2). Reasonableness is the appellate standard of review in judging whether a district court has accomplished its task").

It is clear that in the post-Booker world of advisory Guidelines, the sentencing judge has broad discretion to impose a non-Guidelines sentence where appropriate after considering the pertinent § 3553(a) factors. As articulated recently by the Second Circuit, "[a]lthough the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all of the circumstances. That is the historic role of sentencing judges, and it may continue to be exercised, subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness." *United States v. Jones,* 460 F.3d 191, 195 (2nd Cir. 2006) (upholding non-Guidelines/ sentence of 15 months' imprisonment, which was 15 months below bottom of applicable range).

## ARGUMENT

After determining the sentence under the Guidelines, a District Court has a statutory duty to consider factors independent of the Guidelines in arriving at a final sentence that is in compliance with the sentencing mandate of §3553(a). Given the factors under §3553(a) present in this case, it is apparent that a Guidelines sentence or sentence at the top of the guideline for Mr. Stafford is substantively unreasonable. After *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the sentencing judge must consider all relevant §3553(a) factors, including the applicable guideline range. Mr. Stafford recognizes that because the Guidelines are advisory, the sentencing court has full discretion to impose a sentence independent of the Guidelines, but within the statutory

range. *United States v. Hughes,* 396 F.3d 374, 377-78 (4th Cir. 2005); *Kimbrough v. United States,* 552 U.S. 85,570, 128 S.Ct. 558, 169 L. Ed. 2d 481(2007); *Gall v. United States,* 128 S.Ct. 586,597 n.6 (2007). He further recognizes that a district court's discretion to impose a statutory sentence outside the Guidelines is extremely broad and the resulting sentence will be upheld "as long as it is within the statutorily prescribed range and is reasonable." *Hughes,* 396 F.3d at 378; see also *United States v. Iskander,* 407 F.3d 232 (4th Cir. 2005); *United States v. Pierce,* 409 F.3d 228 (4th Cir. 2005); *United States v. Riggs,* 410 F.3d 136 (4th Cir. 2005). However, Mr. Stafford contends that a guideline sentence is unreasonably lengthy, because it does not comply with the sentencing mandate of §3553(a).

### A. The §3553(a) Sentencing Mandate

When sentencing a defendant, a district court is bound to follow the dictates of 18 U.S.C. §3553(a). Section 3553(a) is comprised of two distinct parts: the so-called "sentencing mandate" contained in the prefatory clause of §3553(a) and the "factors" to be considered in fulfilling that mandate. Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6)   the need to avoid unwarranted sentence disparities; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a). Neither the statute itself nor *Booker* suggests that any one of these factors is to be given greater weight than any other factor. *Booker,* 543 U.S. at 245-46.  However, all factors are subservient to §3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.

The overriding principle and basic mandate of §3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in §3553(a)(2). This is the so-called "parsimony provision," which requires district courts to impose the minimum punishment needed to satisfy the purposes of sentencing - just punishment, deterrence, protection of the public and rehabilitation of the defendant. *See United States v. Williams,* 475 F.3d 468, 476-77 (2nd Cir. 2007); *United States v. Ferguson,* 456 F.3d 660, 667 (6th Cir. 2006); *United States v. Denardi,* 892 F.2d 269, 276-77 (3rd Cir. 1989).  While district courts must in all cases "consider" the guideline range, *Booker,* 543 U.S. at 245-46, the guidelines do not subordinate the other:, factors in §3553(a). Rather, it is the parsimony provision that serves as "the guidepost for sentencing;, decisions *post-Booker." United States v. Ferguson,* 456 F.3d 660, 667 (6th Cir. 2006).

   **B.**   **Sentencing** *Pre-Rita*

Justifying a sentence outside the range does not require canvassing all the factors set forth in § 3553(a), "'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" *United States* v. *George,* 403 F.3d 470,473 (Cir. 2005)). A sentence is reasonable if imposed "for reasons that are logical and consistent with the factors set forth in 3553(a)." *United States* v. *Williams,* 425 F.3d 478,481 (7th Cir. 2005).  In *United States v. Kicklighter,*413 F.3d 915, 917 (8th Cir. 2005), the court upheld a sentence imposed, after considering the guidelines, that was 68 months below the bottom of the advisory

guidelines range, based upon the defendant's having been "off drugs" for two years, and "holding a job, and supporting a family." The Court in *Kicklighter* found that the sentence reflected the "factors in 18 U.S.C. §3553(a)." *Id.*

The Court's exercise of sentencing discretion to impose a sentence well below the guidelines range in this case is supported by two other statutory sentencing provisions. Under 18 U.S.C. *§* 3661, which was expressly endorsed by the *Booker* majority, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence." Moreover, 18 U.S.C. § 3582 directs that in determining whether to impose a sentence of incarceration, sentencing courts "shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation."

Taken together, the directives of *Booker,* as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that this Court may consider all relevant sentencing factors, including prohibited Guidelines departure factors, in fashioning an individualized sentence in this case. *See United States v. Gomez,* 431F.3d 818, 825 (D.C. Cir. 2005) ("[i]f *Booker's* rendering the Guidelines discretionary means anything, it must give a district judge greater latitude on these [prohibited departure] issues than did *Koon v. United States,* 518 U.S. 81 (1996)]." The decision in *United States v. Serrata,* 425 F.3d 886 (10th Cir. 2005) is also instructive on this point. In that case, in *pre-Booker* sentences, the district court had granted each of three defendants a five-level downward departure for **factors such as family ties and responsibilities, employment record, community support, lack of a criminal record, and civic and public service.** Although the court of appeals held that those prohibited factors were not sufficiently unusual or exceptional to justify the departures, it held that these same factors were relevant under §3553(a) to the district court's consideration, on remand, of whether a *post-Booker* sentence below the advisory Guidelines range was appropriate. *Id* at 910-15, 918-20. The court noted that there "appears to

be tension among the statutes and the guidelines ... [b]ut, in the wake of *Booker,* the incongruity diminishes as *sentencing judges are encouraged to exercise their discretion.*11   *Id.* at 918-19 (emphasis added).

### C.   Sentencing *Post-Rita*

Not long ago, the Supreme Court held that a guideline sentence may, on appellate review, be presumed reasonable. But that presumption "applies only on appellate review." *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2463, 168 L.Ed. 2d 203 (2007). Importantly, "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply". *Rita,* 127 S.Ct. at 2465. The *Rita* Court was careful to note that, although the courts of appeals may presume reasonable a within guideline sentence, they may not presume a non-guideline sentence to be unreasonable, and district courts need not impose sentences greater than they believe necessary out of fear of reversal. *Id* at 2467.

According to the Supreme Court, the sentencing judge, after determining the guideline range, may decide that the guideline sentence:

should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls, outside the "heartland" to which the Commission intends individual Guidelines to apply, U.S.S.G. §5K2.0, perhaps because the Guidelines sentence itself fails properly to reflect §3553(a) considerations, or perhaps because the case warrants a different sentence regardless. *See* Rule 32(f).

*Rita,* 127 S.Ct. at 2465. The Court clarified that any "presumption" of substantive reasonableness is not a "presumption" as generally defined. *Rita,* 127 S.Ct. at 2463. The presumption of reasonableness permitted by *Rita* "is not binding. It does not, like a trial-related evidentiary presumption, insist that one side, or the other, shoulder a particular burden of persuasion or proof lest they lose their case." *Rita,* 127 S.Ct. at 2463. Instead, the presumption of reasonableness merely "reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, both the sentencing judge and the Sentencing Commission will

have reached the same conclusion as to the proper sentence in the particular case." *Id*

While *Rita* spoke primarily to those Courts of Appeals who presumed reasonable a guideline sentence, it also assured district courts that the guidelines are truly advisory. "The sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Rita,* 127 S.Ct. at 2465. The Court affirmed the broad sentencing discretion district judges possess under *Booker* and stated that they may impose non-guideline sentences by departing or applying the mandate under §3553(a).

The Court in *Rita* stressed the importance of the sentencing judge providing reasons for the sentencing decision. *Id.* at 2468. Although the judge may, absent non-frivolous arguments to the contrary, often say little when he imposes a guideline sentence, he must respond when "a party contests the Guidelines sentence generally under §3553(a)-that is argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way - or argues for departure[.]" *Id.* The Supreme Court thus placed nothing off-limits for district courts, not even arguments that the guideline reflects "an unsound judgment" generally, but instead placed on district courts the burden to explain why they impose the sentences they do. *Id.*

**Application of the Section 3553(a) Principles and Factors of this Case Compel a Variant Sentence**

While the Court must consider the Guidelines calculation as part of the sentencing process, the Guidelines merely "serve as one factor among several Courts must consider in determining an appropriate sentence." *Kimbrough v. United States,* 552 U.S. 85, 90 (2007). Rather than simply impose a sentence within the Guidelines range, the Court must consider the whole range of factors listed in 18 U.S.C. 3553 and determine a sentence that is "sufficient but not greater than necessary, to accomplish the goals of sentencing." Id. at 101 (quoting 18 U.S.C. 3553). Indeed, the Court may not even "presume that the Guidelines range is reasonable,' but "must make an individual assessment based on the facts presented." *Gall v. United States,* 552 U.S. 38, 50 (2007). The sentencing Court has wide latitude to impose a sentence below the

Guidelines range after considering the various factors as enumerated in 3553. In this case, the 3553(a) factors support a sentence that is far below the suggested Guidelines range. Mr. Stafford should be sentenced to a minimum time to be served with supervised release, if not a probationary sentence. This would be considered "sufficient but not greater than necessary" to satisfy the statutory factors.

Mr. Stafford was convicted of Count 1: Intentional Damage to a Protected Computer; and Count 2: Attempted Intentional Damage to a Protected Computer. The probation officer prepared a Presentence Report ("PSR"). The officer set the total offense level at 16. That offense level when coupled with Mr. Stafford's criminal history category of I results in advisory guideline imprisonment range of 21-27 months in this case.

Also, a variance sentence is entirely appropriate in this case as the Guidelines range fails to properly reflect the statutory factors. The defendant's age and criminal history indicates that it is highly unlikely that he will be a recidivist. Mr. Stafford is 49 years old with no criminal history. The Sentencing Commission has considered age, physical condition, family ties and criminal history 28 U.S.C. 994(d). The Commission has considered the listed items, stating its conclusions as Policy Statements in Chapter 5, Part H, of the Guidelines... Specific offender characteristics." Besides including family ties and responsibilities among the matters to be considered under 994(d), Congress directed the Commission to assure that the guidelines reflect the "general inappropriateness of considering family ties and responsibilities." 28 U.S.C. 994(e).

Mr. Stafford has lost nearly everything he has worked for. The Court should also consider the collateral consequences of a conviction. In *United States v. Wachowiak,* 412 F. Supp.2d 958, 963 - 64 (E.D. Wis. 2006) the court imposed a sentence well below the guideline range because "the guidelines failed to account for the significant collateral consequences defendant suffered as a result of his conviction. His future career as a teacher was ruined, and he was compelled to resign as piano teacher of children ... [and will be] forced to live with the stigma of being a convicted sex offender." See also *United States v. Samaras*, 390 F. Supp. 2d 805, 809 (E.D. Wis. 2005) (lower sentence

appropriate because defendant lost good public sector job as consequence of conviction - factor not considered by guidelines); *United States* v. *Stone,* 374 F. Supp.2d 983 (D.N.M. 2005) (sentence of 18 months under guidelines appropriate in case where defendant lost employment and wife as result of conviction; "court concludes that a sixty month term of incarceration, coupled with Stone's personal losses, reflects the seriousness of his offense, promotes respect for the law, and provides just punishment"); *United States v. Redemann,* 295 F. Supp.2d 887 (E.D.Wis. 2003)[2] (departing downward when defendant suffered, collateral consequences from conduct including loss of his business); *United States v. Adelson,* 441 F.Supp.2d 506 (S.D.N.Y. 2006) (in securities fraud where guidelines called for life sentence, court imposed 42 months noting that factor of specific deterrence accounted for because "with his reputation ruined by his conviction, it is extremely unlikely that he would ever involve himself in future misconduct.")

See also, *United States v. Gaind,* 829 F. Supp. 669,670 (S.D.N.Y. 1993) (departure granted in part because the destruction of the defendant's business already achieved to a significant extent some of the objectives otherwise required to be sought through the sentencing process).

A review of United States Sentencing Commission Quarterly Data Report highlights cumulative Data from October 1, 2017 through June 30, 2018 for similar offenses as in this case that were before United States District Courts. There were 696 cases out of 50, 929 cases which represents 1.4% of cases involving Administration of Justice, while 13,605 cases representing 26.7% dealt with Drug trafficking cases. 53 offenders out of the 696 cases which represents 7.6% received sentencing options of prison/community split sentence, while 30 offenders, which represents 4.3% received probation and confinement, with 127 offenders which represents 18.2% were placed on probation only for offenses involving Administration of Justice. Additionally, 501 offenders, which represents 3.7% for drug trafficking offenses were sentenced to prison/community split sentence and 309

---

[2] In *Redemann,* a pre-Booker case, the district court departed downward because it believed a guideline sentence was greater than necessary to satisfy purposes of sentencing. The Court stated "Courts have long recognized that where the sentence called for by the guidelines would result in punishment greater than necessary the court can depart downward." Because of all of the collateral consequences of his conviction, including the impact it had on his health, his business, his reputation, the Court found that "the primary purposes of sentencing were partially achieved before the case was filed... and [the collateral punishment] partially satisfied the need for just punishment" and deterrence. Id. at 897.

offenders, representing 2.3% were put on probation.

There were downward sentencing variance in different degrees for Administration of Justice cases. Of the 246 cases that received variances, the mean range sentence was 12 months, which was a decrease of 13 from the guideline minimum representing 59.2%. The median range sentence was 8 months, which was a decrease of 10 from guideline minimum representing 51.3%.

In 3,839 drug trafficking cases, the mean range sentence was 73 months, which is decreased by 36 from the guideline minimum representing 36.7% and a median range sentence of 60 months, which is decreased by 22 representing 31.0% decrease from the guideline minimum.

Mr. Stafford has lost his career as an educated IT support personnel who was looking for greater employment opportunity but will now be a convicted felon with the stigma associated thereto.

1. **The Nature and Circumstances of the Offense Compel a below the Guidelines Range Sentence**

One of the factors the Court is directed to consider under Section 3553 is the nature and circumstances of the offense. Here, the nature and circumstances of Mr. Stafford's role in the offense, and no prior contact with the Criminal Justice System, makes a variance sentence reasonable in this case.

The Court must consider the "nature and circumstances of the offense" in determining the sentence to be imposed. 18 U.S.C. 3553(a)(l). Because "atypical cases were not adequately taken into consideration" by the Guidelines "factors that may make a case atypical provide potential bases for departure. *Koon v. United States,* 518 U.S. 81, 94 (1996) (quoting Guidelines).

2. **The Circumstances, History and Characteristics of the Defendant Support a Sentence below the Guidelines Range**

In determining the particular sentence to be imposed, 18 U.S.C. 3553(a)(l) directs the Court to consider the "history and characteristics of the defendant." Mr. Stafford has strong ties with his family, friends and play an indispensable role in the lives of his son, girlfriend, parents, siblings and friends. (See letters in support). Accordingly, any sentence within the Guidelines

range would be far greater than necessary to achieve the 3553 sentencing goals, and minimum time if not a probationary sentence is warranted.

### (i) Mr. Stafford's Character

Courts may impose a sentence below the Guidelines range where, as here, the offense is at odds with defendant's life and character. *See United States v. Benkahla, 501 F.Supp. 2d 748, 761 (E.D.Va 2007)* (awarding downward variance where letters attest to defendant's "honor, integrity and moral character).

### (ii) Strong Family Bonds

Under the 3553 analysis, family ties "are pertinent to crafting an appropriate sentence." Mr. Stafford is extremely close with his immediate, extended family as well as friends who have supported him throughout this entire process and will continue to do so. *See Benkahla, 501 F.Supp. 2d at 760* (awarding downward variance based on, among other things, defendant's "strong positive relationship with friends, family and the community). Shannon L. Stafford is very close to his son, girlfriend, siblings, friends and his parents. Mr. Stafford is the rock of his family and the entire family leans heavily on each other, respects each other, and stresses the importance of putting family and friends first.

Section 3553 also directs the Court to consider the circumstances and history of the Defendant when determining what sentence is appropriate.

While Mr. Stafford has maintained employment over a period of time, good relationship with his son, family and friends, however, he stands before the Court today for sentencing for his participation in this offense. Mr. Stafford incorporates by reference as if set forth here, pages 8, paras. 38-40; and page 9, para. 48. This history of redeemable qualities should be considered when determining what sentence is reasonable under § 3553.

### 3. The Need to Avoid Unwarranted Sentencing Disparities

The need to avoid unwarranted sentencing disparities is another consideration under Section 3553. Imposition of a sentence inside the guideline range would in this instance increase

sentence disparities among defendants with similar records found guilty of similar conduct, rather than avoid such disparity, as called for by USSG.

The Federal Sentencing Guideline Manual Ch. 1, Pt. A. § 2 states that 'If...a particular case presents a typical features, the Act allows the court to depart from the guidelines and sentence outside the prescribed range."

The Court is required to consider relevant policy statements of the Sentencing Commission. 18 U.S.C. § 3553(a)(5). The Court is required to avoid unwarranted disparities in imposing a sentence. 18 U.S.C. § 3553(a)(6). It is also required to impose a sentence that will promote respect for the law. *Id. § 3553(a)(2)(A)*.

(i)     *A Sentence far below the Guidelines range is needed to avoid Unwarranted Disparity*

18 U.S.C. 3553(a)(B) instructs the Court to impose a sentence that avoids unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. The elimination of sentencing disparity, which Congress determined was chiefly the result of a discretionary sentencing regime was unquestionably Congress' principal aim. See *Feinberg, Federal Criminal Sentencing Reform: Congress and the United States Sentencing Commission, 28 Wake Forest L.Rev. 291, 295""29.6: (1993)* ("The first and foremost goal of the sentencing reform effort was to alleviate the perceived problem of federal criminal sentencing disparity. Quite frankly, all other considerations were secondary."); see also *Breyer, Federal Sentencing Guidelines Revisited, 2 Fed. Sentencing Rptr. 180 (1999)* ("in seeking 'greater fairness' Congress, acting in bipartisan fashion, intended to respond to complaints of unreasonable disparity in sentences - that is, complaints that differences among sentences reflected not simply different offense conduct or different offender history but the fact that different judges imposed the sentences" (emphasis added). As Senator Hatch, a central participant in the reform effort, has explained "The discretion that Congress had conferred for so long upon the judiciary and the parole authorities was at the heart of sentencing disparity." The role of Congress in sentencing: *"The United States Sentencing Commission, Mandatory Minimum Sentences and the Search for a certain and Effective Sentencing System, 28 Wake forest L. Rev. 185,*

187 (1993) (hereinafter Hatch) (emphasis added).

4. **The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law and to Provide Just Punishment for the Offense, to Afford Adequate Deterrence, to Protect the Public from Future Crimes and to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment**

Some of the very statutory factors which are the ultimate guide to sentencing decisions post-*Booker* clearly argue in favor of less prison time, not more. With a defendant ultimately suffering from the stigma of conviction, for example, there is facially less need for the sentence imposed to protect the public from further crimes of the defendant, but to provide the defendant with needed educational or vocational or correctional training and/or treatment.

"Though punishing a particular individual may incapacitate him for a while and may deter others, as a general rule, the threat of punishment is an unproductive method for achieving behavioral change..... Most criminologists have concluded, instead, that it is an individual's perception of the probability of getting caught that serves as a greater than the severity of the sanction." James M. Lager, *Overcoming Cultures of Compliance to Reduce Corruption and Achieve Ethics in Government,* 41 McGeorge L. Rev., 63, 70 (2009).

(i) *Mr. Stafford's Conviction act as Powerful Deterrent to Criminal Conduct*

While the Court must impose a sentence that afford adequate deterrence to criminal conduct, 18 U.S.C. 3553(a)(2)(B). It is not necessary to imprison Mr. Stafford any more than a minimum time to be served if not a probationary sentence to accomplish that goal. Many Courts have recognized that the collateral consequences of a trial and conviction - especially in a highly publicized case like here can serve as a powerful deterrent to potential criminals and/or activities.

Research on deterrence and criminal sentencing also proves that, particularly for white collar criminals, "informal sanctions (such as social censure, shame, and loss of respect)" are "equally important a imprisonment is producing the deterrent outcome." *Zvi D. Gabbay, "Exploring the Limits of the Restorative Justice Paradigm: Restorative Justice and White Collar Crime." 8 Cardozo J. Conflict Resol. 421, 448-49 (2007).* There is no empirical evidence that

lengthy sentences provide any additional deterrent effect. *See Id.* (no evidence supporting "the conclusion that harsh sentences actually have a general and specific deterrent effect on potential white-collar offenders"); *David Weisburd, et al., Specific Deterrence in a Sample of Offenders Convicted of White-Collar Crime, 33 Criminology 587 (1995)* ("It has often been assumed by scholars and policy makers that white-collar criminals will be particularly affected by imprisonment. Our analysis suggest that this assumption is wrong, at least as regards official re-offending among those convicted of white-collar crimes in the Federal Courts. We find that prison does not have a specific deterrent impact upon the likelihood of re-arrest over a 126 month follow up periods.") Sentencing Courts have recognized the "considerable evidence that even relatively short sentences can have a strong deterrent effect on prospective 'white-collar' offenders." *Adelson, 441 F. Supp. 2d at 514.*

(ii)   Prison time is not needed to Protect the Public from further crimes by Mr. Stafford

The Court must impose a sentence that "protects the public from further crimes of the defendant 18 U.S.C. 3553(a)(2)(C). According to a recent study funded by the Department of Justice, recidivism is more likely when a defendant has a prior history, drug abuse problems, mental health issues, and challenges with unemployment, housing and transportation. Factors that decrease risk include having a strong social support system, marketable educational skills, a motivation to change and age. See *William Rhodes, et al Recidivism of Offenders on Federal Community Supervision at 1, Abt Associates, Dec 21, 2012* (prepared for Bureau of Justice Statistics and Office of Probation and Pretrial Services).

(iii)   *18 US.C. 3553(a)(3) Instructs the Sentencing Court to Consider "the kinds of sentences available."*

Increasingly, Courts, criminal justice scholars, and prosecutors are recognizing that too many people go to too many prisons for far too long and for no truly good law enforcement reason. *Speech of Attorney General Eric Holder at the Congressional Black Caucus Foundation Criminal Justice Issues Forum, September 19, 2013,* available at http://www.justice.gov/opa/speech/attomey-general-eric-holder-delivers-remarks-

congressional-black-caucus-foundation. In certain cases, a sentence of imprisonment may work to promote not respect but derision of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing."

For this reason, Courts have recognized that in certain appropriate cases, sentences other than incarceration - such as probation, home detention, community service, or some combination thereof - can provide a just punishment that is sufficient but not greater than necessary, to satisfy the 3553 factors. Such an alternative sentence has many societal benefits. A sentence of probation and community service costs significantly less than incarceration and can be a very effective means of reparation to society, and Mr. Stafford is a suitable candidate.

Nor can it promote respect for the law to give Mr. Stafford a prison sentence that can quite credibly be viewed as greater than the sentence he likely would have received if there were no guideline as to his actual role and period of this offense. In light of the sentencing disparity outlined above, and the other factors outlined by section 3553 including the nature and circumstances of the offense/role and the character of Mr. Stafford, the circumstances of this case, Mr. Stafford requests that the Court sentence him below the guideline to time served, if not a probationary sentence.

The requested sentence under the Guideline and/or Statute reflects the seriousness of Mr. Stafford's role, while at the same time accounting for the circumstances surrounding this offense and his individual circumstances. A sentence of a minimum time to be served if not probation operates to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence to protect the public and to provide Mr. Stafford with needed educational or other correctional treatment and decrease the chances that he would return to Court.

Mr. Stafford was released on his personal recognizance with pretrial services supervision since July 24, 2017 but has been dealing with this case since 2015. In terms of rehabilitation, Mr. Stafford who has been on pre-trial supervision has been making amends everyday based on learning his lesson from

this case, and a strong deterrence value in the fact that Mr. Stafford has been on supervision and in compliance.

Finally, the ends of justice will be served if Mr. Stafford is sentenced below the Guideline and/or Statute, in this case, that is, a minimum time to be served, if not a probationary sentence.

## RESTITUTION/FORFEITURE

Restitution shall be ordered in this case.

## FINE

The defense agrees with the PSR finding that Mr. Stafford does not have adequate resources to pay any fine or the cost of incarceration or supervision upon release in this case. Mr. Stafford incorporates by reference as if set forth here, page 10, para. 49 of the PSR.

Finally, there is no point in sentencing Mr. Stafford within or at the top or over the guideline because he has not been found guilty of a traditional violent crime.

> ... the Sentencing Guidelines do not displace the traditional role of the district court in bringing compassion and common sense to the sentencing process.
> ... In areas where the Sentencing Commission has not spoken ... district Courts should not hesitate to use their discretion in devising sentences that provide individualized justice". *U.S. v. Williams,* 65 F. 3d 301, 309-310 (2d Cir. 1995).

Under the above-described circumstances, "individualized justice" for Mr. Stafford is a sentence of a minimum time to be served, with a period of supervised release, if not probation.

## CONCLUSION

Shannon L. Stafford asks that this Court make factual findings and conclusions regarding each of the above arguments. Further, regardless of whether this Court finds the Guideline and statutory sentencing ranges in the PSR to be accurate, such penalty ranges are greater than necessary to achieve the goals of sentencing under 18 U.S.C. § 3553(a).

Accordingly, he respectfully requests that this Court take into consideration the above factors and sentence him to the lowest term and/or sentence sufficient to achieve the goals of sentencing under § 3553(a)(2).

**WHEREFORE,** for all the above stated reasons and for such other reasons offered at the sentencing hearing, the Defendant, **SHANNON L. STAFFORD,** respectfully requests that this Court make such requested findings and consider the combination of sentencing factors herein.

Respectfully Submitted,

THE IWEANOGES FIRM, P.C.

Shannon L. Stafford
Defendant by Counsel

By: /S/JohnOIweanoge/S/
John O. Iweanoge, II
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, DC 20017
Phone: (202) 347-7026
Fax:    (202) 347-7108
Email: joi@iweanogesfirm.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of March, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all interested parties and attorneys.

Dated: 6th day of March, 2020.                    _/S/JohnOIweanoge/S/_____
                                                                              Of Counsel to Defendant